ALD-016                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1552
_____

IN RE:  CAROLE L. SCHEIB d/b/a CRAFTON PERSONAL CARE HOME AND
GEORGE SCHEIB,
Debtors

CAROLE L. SCHEIB,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 2-14-cv-01294)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 16, 2015

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: November 3, 2015)
_____

OPINION[*]
_____

PER CURIAM

Carole Scheib, proceeding pro se, appeals an order of the United States District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the Western District of Pennsylvania affirming a Bankruptcy Court order denying her motion to reopen her bankruptcy case. For the reasons that follow, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In 1997, Scheib filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Pennsylvania. The petition was converted to Chapter 7 and in 1998, the Bankruptcy Court granted a motion by Mellon Bank, N.A. (now The Bank of New York Mellon and BNY Mellon, N.A.) for relief from the automatic stay to pursue foreclosure of Scheib's property in state court. Scheib received a discharge releasing her from her dischargeable debts and her bankruptcy case was closed on October 14, 1998. Scheib was evicted from the property that was the subject of the state foreclosure action in 1999. Scheib has since filed, without success, numerous actions in state and federal court seeking to challenge the foreclosure.

In 2013, Scheib filed a motion in Bankruptcy Court to reopen her case. Although the motion is far from clear, Scheib appears to allege that she paid her mortgage in full and that Mellon Bank committed fraud in the foreclosure action and the bankruptcy proceeding. After a hearing, the Bankruptcy Court ruled that the motion was untimely and that Scheib's challenge to the foreclosure was barred by res judicata and the Rooker-Feldman[1] doctrine. The Bankruptcy Court also found that Scheib's filing sought to improperly extend its jurisdiction. The Bankruptcy Court noted that Scheib had been

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

advised in 2000 in an attempted adversary proceeding against Mellon Bank that she must pursue issues related to the sale of the property in state court. The Bankruptcy Court also denied Scheib's motion for reconsideration.

Scheib appealed to the District Court, which held that the Bankruptcy Court thoroughly and appropriately addressed the motion to reopen. The District Court also denied Scheib's motion to quash the Bankruptcy Court's decision denying her in forma pauperis status on appeal. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. We apply the same standard as the District Court and review the Bankruptcy Court's legal determinations de novo, its factual findings for clear error, and its decision whether to reopen for abuse of discretion. In re Lazy Days' RV Center Inc., 724 F.3d 418, 421 (3d Cir. 2013).

We agree with the Bankruptcy Court's conclusion that Scheib's motion to reopen was untimely filed. Federal Rule of Bankruptcy Procedure 9024 incorporates, with certain exceptions, Federal Rule of Civil Procedure 60, which sets forth the grounds for relief from a final judgment and the time requirements for filing a motion. Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60(b),(c). There is no question that Scheib's motion to reopen, filed more than fourteen years after her bankruptcy case was closed, was not filed within a reasonable time as required by Rule 60(c).

We also agree with the Bankruptcy Court that Scheib's motion to reopen improperly sought to invoke the Bankruptcy Court's jurisdiction over issues related to the foreclosure of her property, which should have been raised in state court. As recognized

3

by the Bankruptcy Court, a bankruptcy case may be reopened "to administer assets, to accord the debtor relief, or for other cause." 11 U.S.C. § 350(b). We have stated that bankruptcy courts should determine whether proceedings are pending in state court and which forum – state court or bankruptcy court – is most appropriate to adjudicate issues raised by a motion to reopen. Lazy Days, 724 F.3d at 423. For example, a motion to reopen to determine the scope of the automatic stay would be properly before the bankruptcy court because the bankruptcy court is well suited to interpret its own order. See id. In contrast, Scheib seeks to undo the foreclosure and sale of her property long ago. She filed her motion after pursuing relief in state court without success. Even though the state court foreclosure action is no longer pending, the Bankruptcy Court is not, under the circumstances of this case, the appropriate forum to seek relief. The Bankruptcy Court did not abuse its discretion in denying the motion to reopen.[2]

Finally, to the extent Scheib seeks to appeal the District Court's denial of her motion to quash, we agree with the District Court that the basis of the motion is unclear. To the extent Scheib sought to challenge the denial of her request to proceed in forma pauperis on appeal to District Court, she provided no basis to disturb the Bankruptcy Court's ruling that her appeal was not taken in good faith. See 28 U.S.C. § 1915(a)(3).

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2]Because the motion was properly denied on these grounds, we do not consider the other reasons for denying relief discussed in the Bankruptcy Court's decision.